IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
April 1, 2008

## JOHN HOHMAN v. JAMES A. TOWN, ET AL.

**Appeal from the Chancery Court for Williamson County**
**No. 34165     Timothy L. Easter, Judge**

---

**No. M2008-00585-COA-R10-CV - Filed April 29, 2008**

---

This application for an extraordinary appeal concerns whether a trial court should consider matters outside the pleadings in ruling on a motion to dismiss for lack of personal jurisdiction and improper venue pursuant to Tenn. R. Civ. P. 12.02(2) and (3). The trial court declined to consider matters outside the pleadings and denied the defendants' motion to dismiss. Because the trial court should have considered the affidavits and other documents submitted by the parties in support of and in opposition to the motion to dismiss, we grant the application, vacate the trial court's order denying the motion to dismiss, and remand the case to the trial court for further proceedings on the motion.[1]

**Tenn. R. App. R.10 Extraordinary Appeal; Judgment of the Chancery Court Vacated**

PATRICIA J. COTTRELL, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., and ANDY D. BENNETT, JJ., joined.

Russell S. Baldwin, Nashville, Tennessee, for the appellants, James A. Town and Business Evaluation & Appraisal, Inc.

Phillip B. Jones, Nashville, Tennessee, for the appellee, John Hohman.

---

[1] Pursuant to Tenn. R. App. P. 2, we suspend the application of Tenn. R. App. P. 24, 25 and 29, and find oral argument to be unnecessary pursuant to Tenn. R. App. P. 35(c). *See Hammock v. Sumner Co.*, No. 01A01-9710-CV-00600, 1997 WL 749461 (Tenn. Ct. App. Dec. 5, 1997) (No Tenn. R. App. P. 11 application filed).

# MEMORANDUM OPINION[2]

In 2003, John Hohman, a resident of Williamson County, Tennessee, became interested in purchasing a Sumner County, Tennessee business known as United Package Mailing Service, Inc. ("UPMS"). In connection with the potential purchase, Mr. Hohman contracted with James A. Town of Business Evaluation and Appraisal, Inc. ("BEA") to perform a valuation of UPMS. Mr. Town is a resident of Chipley, Florida and BEA is a Florida Corporation. Mr. Town never traveled to Tennessee, but apparently based his valuation solely on documents sent to him in Florida. Likewise, Mr. Hohman never left Tennessee during the time period in question. Mr. Town valued UPMS at $128,605.00, and Mr. Hohman eventually purchased the business for $125,000.00. Following the purchase, certain discounts and preferred rates critical to UPMS's operation were discontinued. As a result, UPMS became essentially worthless.

On December 3, 2007, Mr. Hohman filed a complaint against Mr. Town and BEA in the Chancery Court for Williamson County alleging that Mr. Town and BEA were negligent in failing to account properly for the risk associated with the potential loss of the discounts and preferred rates. In response, Mr. Town and BEA filed a Tenn. R. Civ. P. 12.02(2) and (3) motion to dismiss for lack of personal jurisdiction and improper venue. Mr. Hohman filed a response supported by his own affidavit and certified records of the Tennessee Secretary of State. Mr. Town and BEA filed a reply to the response supported by an affidavit of Mr. Town. The trial court declined to consider the affidavits and certified records submitted by the parties, and denied the motion to dismiss on February 2, 2008. The trial court also denied Mr. Town and BEA's request for an interlocutory appeal pursuant to Tenn. R. App. P. 9. Mr. Town and BEA subsequently filed this application for a Tenn. R. App. P. 10 extraordinary appeal. Mr. Hohman has filed a response in opposition to the application.

## I. ANALYSIS

The application for an extraordinary appeal presents the question of whether the trial court erred by denying Mr. Town and BEA's Tenn. R. Civ. P. 12.02 motion to dismiss for lack of personal jurisdiction and improper venue. We grant the application solely to determine whether the trial court, in deciding the motion, should have considered the affidavits and certified records submitted by the parties. We express no opinion as to the merits of the motion to dismiss. The issue presented constitutes a question of law, and our review is thus de novo with no presumption of correctness. *Eubanks v. Procraft, Inc.*, App. No. E2003-02602-COA-R9-CV, 2004 WL 1732315 at *1 (Tenn. Ct. App. Aug. 3, 2004).

---

[2]Tenn. R. Ct. App. 10 states:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

The trial court's February 2, 2008 order provided:

> At the hearing, the parties addressed whether the Motion to Dismiss should be considered under Rule 12 (as filed), or under Rule 56 (given that all the parties have filed papers which go beyond the pleadings).
>
> In considering the Defendants' Motion, the Court has considered it under Rule 12, T.R.C.P. As a result, the Court has considered the Defendants' Motion only in the context of the pleadings. The Court has not considered the extraneous information filed by the various parties.

The trial court correctly declined to consider the Tenn. R. Civ. P. 12.02(2) and (3) motion to dismiss as a motion for summary judgment pursuant to Tenn. R. Civ. P. 56. Contrary to Mr. Hohman's assertions, only Tenn. R. Civ. P. 12.02(6) motions to dismiss for failure to state a claim may be considered as motions for summary judgment. *Thomas v. Mayfield*, No. M2000-02533-COA-R3-CV, 2004 WL 904080 at *3 (Tenn. Ct. App. April 27, 2004). However, the trial court apparently believed that its decision to consider the motion under Tenn. R. Civ. P. 12 limited its consideration to those matters set forth in the parties' pleadings and prohibited it from considering the parties' affidavits and other documentary evidence.

The Tennessee Supreme Court has addressed the question of when a trial court may consider matters outside the pleading in deciding a Tenn. R. App. P. 12 motion to dismiss:

> Under the Tennessee Rules of Civil Procedure a motion to dismiss may be based on one or more of eight grounds, including lack of personal jurisdiction and failure to state a claim on which relief can be granted. *See* Tenn. R. Civ. P. 12.02. A court either decides this motion based on the allegations contained in the pleadings or, if matters outside the pleadings-such as affidavits-are presented, the court will treat the motion as one for summary judgment as provided in Tenn. R. Civ. P. 56. *See* Tenn. R. Civ. P. 12.03.
>
> As we have stated in the past, however, Rule 12.03 does not apply to a motion to dismiss for lack of personal jurisdiction, unless the evidence brought to the court is so conclusive that the motion may be fully and finally resolved on the merits. *See Nicholstone Book Bindery, Inc. v. Chelsea House Publishers*, 621 S.W.2d 560, 561 n. 1 (Tenn.1981) ("[S]ummary judgment procedure does not properly apply to jurisdictional issues.") (quoting 6 Moore, Federal Practice (Part 2) § 56.17(36) at 913 (1980)). Often a complete resolution of the jurisdictional issue is not possible at the beginning of litigation because not enough evidence has been developed; indeed, discovery will not have yet begun. This gives rise to a dilemma. If a court seeks to develop more evidence, by ordering discovery or an evidentiary hearing, the burden on an out-of-state defendant may in some cases be nearly as great as if the court simply ruled from the start that jurisdiction was present and allowed the litigation to proceed. But allowing a court to decide whether jurisdiction exists based entirely on

the pleadings, as a court may do when confronted with one of the other grounds to dismiss listed in Rule 12.02, is hardly a better solution.

* * *

Regardless of the theory on which personal jurisdiction is based, though, the necessity of adopting a middle-ground solution - between relying merely on the pleadings and postponing a decision on jurisdiction until discovery has been completed - is apparent. . . .  It is clear that the plaintiff bears the ultimate burden of demonstrating that jurisdiction exists.  *See McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135, 1141 (1936); *Massachusetts School of Law at Andover, Inc. v. American Bar Ass'n*, 142 F.3d 26, 34 (1st Cir.1998).  If the defendant challenges jurisdiction by filing affidavits, the plaintiff must establish a prima facie showing of jurisdiction by responding with its own affidavits and, if useful, other written evidence.  *See Posner v. Essex Ins. Co. Ltd.*, 178 F .3d 1209, 1214 (11th Cir.1999); *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 784 (2nd Cir.1999); *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1091 (10th Cir.1998).  A court will take as true the allegations of the nonmoving party and resolve all factual disputes in its favor, see *Posner*, 178 F.3d at 1215; *IMO Industries, Inc. v. Kiekert AG*, 155 F.3d 254, 257 (3rd Cir.1998), but it should not credit conclusory allegations or draw farfetched inferences, see *Massachusetts School of Law*, 142 F.3d at 34.

We find that this procedure for evaluating a defendant's motion to dismiss under Tenn. R. Civ. P. 12.02(2) is sensible and not inconsistent with any rule or case in Tennessee of which we are aware, and we therefore adopt it.

*Chenault v. Walker*, 36 S.W.3d 45, 55-56 (Tenn. 2001).

As *Chenault* demonstrates, a trial court is not limited to the pleadings in deciding a Tenn. R. App. P. 12.02(2) motion to dismiss for lack of personal jurisdiction, but may consider affidavits and other written evidence filed in support of or in opposition to the motion. *Humphreys v. Selvey*, 154 S.W.3d 544, 550 (Tenn. Ct. App. 2004); *Manufacturers Consolidation Serv., Inc. v. Rodell*, 42 S.W.3d 846, 854-55 (Tenn. Ct. App. 2000).  The affidavits and certified records submitted by the parties in this case are precisely the type of supporting evidence contemplated by *Chenault*.  While *Chenault* addressed motions to dismiss for lack of personal jurisdiction pursuant to Tenn. R. Civ. P. 12.02(2), the "middle ground solution" announced in *Chenault* is also appropriate in considering a motion to dismiss for improper venue pursuant to Tenn. R. Civ. P. 12.02(3).  See *Thomas v. Mayfield*, No. M2000-02533-COA-R3-CV, 2004 WL 904080 at *6 (Tenn. Ct. App. April 27, 2004). Because the trial court declined to consider the affidavits and certified records submitted by the parties, the order denying the motion to dismiss must be vacated and the matter remanded to the trial court for further proceedings.

## CONCLUSION

The Tenn. R. App. P. 10 application for an extraordinary appeal is hereby granted.  The trial court's February 2, 2008 order is vacated, and the case is remanded to the trial court for further proceedings including a new hearing on the motion to dismiss consistent with this opinion.  The costs are taxed to John Hohman for which execution may issue.


_____
PATRICIA J. COTTRELL, JUDGE